UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENDRIK BLOCK,<br><br>        Plaintiff,<br><br>    v.<br><br>VENEDICTO HERNANDEZ MADRIGAL, et al.,<br><br>        Defendants. | Case No. 21-cv-00132-VKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 20 |

## I. BACKGROUND

Plaintiff Hendrik Block alleges that he is a physically disabled person who "is substantially limited in his ability to walk, and must use a walker, wheelchair, or electric scooter for mobility." Dkt. No. 1 ¶ 8. He filed the present action, alleging that during a November 2020 visit to Stadium Liquors ("Facility") at 356 Keyes Street in San Jose, California, he encountered certain physical barriers that interfered with his use and enjoyment of the goods, services, privileges and accommodations offered at the Facility. The complaint names several defendants: Venedicto Hernandez Madrigal doing business as Stadium Liquors, as well as Jose Diaz, Trustee of The Diaz 1998 Trust dated January 26, 1998 as amended, and Rosa Diaz, Trustee of The Diaz 1998 Trust dated January 26, 1998 as amended ("Diaz defendants"). Defendants are alleged to "own, operate, and/or lease the Facility[.]" *Id*. ¶ 7. The complaint asserts claims for violation of the Americans with Disabilities Act, 42 U.S.C. § 42 U.S.C. § 12181, *et seq*., the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, *et seq*., and various provisions of the California Health and Safety Code. *Id*. ¶¶ 16-46.

Earlier this year, at Mr. Block's request the Clerk of the Court entered defendant

Hernandez Madrigal's default. Dkt. Nos. 9, 11. The Court granted several requests to extend the deadline for service of process and other case deadlines to allow Mr. Block to attempt service on the Diaz defendants. Dkt. Nos. 10, 13, 15, 17, 19.

On the October 5, 2021 extended deadline for service of process, Mr. Block filed the present motion for leave to serve the Diaz defendants by publication, claiming that he has exhausted all reasonable efforts to personally serve them and that they cannot with reasonable diligence be served in another manner. Dkt. No. 20. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). The previously noticed November 9, 2020 hearing is vacated. For the reasons discussed below, the Court grants Mr. Block's motion to serve the Diaz defendants by publication.

## II.  LEGAL STANDARD

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service upon an individual may be effected in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California law provides for several means of effecting service upon a defendant. Service of the complaint and summons may be accomplished by (1) personal delivery to the party, Cal. C.C.P. § 415.10; (2) delivery to someone at the party's usual residence or place of business, followed by a mailing, *id*. § 415.20; (3) mail with an acknowledgement of receipt, *id*. § 415.30; (4) mail on persons outside California, *id*. § 415.40; and (5) publication, *id*. § 415.50.

In California, service by publication is permitted "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and that either: (1) "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action" or (2) "[t]he party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property." Cal. C.C.P. § 415.50(a). "The question is simply whether [the plaintiff] took those steps which a reasonable

person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Nevertheless, because service by publication is "the least likely to succeed in notifying the defendant of an action against him," it is to be used "'only as a last resort.'" *Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App.4th 330, 337-38 (2013) (quoting *Watts v. Crawford*, 10 Cal.4th 743, 749 n.5 (1995)). "In this context, '[t]he term 'reasonable diligence' denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Id*. (quoting *Watts*, 10 Cal.4th at 749 n.5). Each case must be evaluated on its own facts. *Id*. at 339. "No single formula [or] mode of search can be said to constitute due diligence in every case." *Id*. (internal quotations and citations omitted).

## III.   DISCUSSION

### A.   Reasonable Diligence

Mr. Block's counsel, Tanya Moore, has submitted a declaration averring that service on the Diaz defendants has been attempted at three different addresses without success. Dkt. No. 20-2. Based on a Lexis Nexis public records search and a grant deed document, Ms. Moore says that she determined that Mr. and Ms. Diaz own the property at a specified address in Atwater, California. *Id*. ¶¶ 3, 4, Ex. B. Ms. Moore believes that the Diaz defendants reside at that address, and appends what she represents is a return of service filed in a different disability access case[1] (filed in this district by a different plaintiff and different counsel) in which the Diaz defendants were also sued as the owners of the property where the Facility is located. Dkt. No. 20-2 ¶ 13, Ex. C.[2] That return of service shows that Ms. Diaz was successfully served by personal service at the Atwater address in November 2019. *Id*. However, the process server company retained by Mr. Block "reported that they were unable to serve Defendants at the Atwater address." *Id*. ¶¶ 6, 7. Mr. Block also submits the declaration of process server Albert Moles, who states that on January 14, 2021 and February 27, 2021, he attempted service at the Atwater address, but was told by the

---

[1] Case No. 5:19-cv-06209-BLF (VKD) *Johnson v. Diaz, et al.*

[2] Although Ms. Moore's declaration states that the return of service is appended as Exhibit D, the document actually is submitted as Exhibit C to her declaration.

United States District Court
Northern District of California

occupants "that the Defendants are unknown at this address." Dkt. No. 24 ¶¶ 2-5, Exs. A, B; *see also* Dkt. No. 20-2 ¶ 9.

Ms. Moore further avers that through a public records search, she identified a potential alternative address for the Diaz defendants in Merced, California. Dkt. No. 20-2 ¶ 7. Submitted with the present motion, however, is a "Return of Non-Service" by process server Sarah Jowett, indicating that Ms. Jowett attempted personal service on Ms. Diaz at the Merced address on February 1, 2021, and spoke with a current occupant named "Mary," who stated that Ms. Diaz owns the house at that address, but does not live there. Dkt. No. 20-2 ¶ 8; Dkt. No. 20-5.[3]

Ms. Moore states that she instructed the process server to make a second attempt at service at the Atwater address. But as noted above, the process server reported that the occupant of the house claimed not to know the Diaz defendants. Dkt. No. 20-2 ¶ 9; Dkt. No. 20-4.

In March 2021, Mr. Block hired a private investigator who conducted a skip trace identifying the Atwater address, as well as an address in San Jose, California. Dkt. No. 20-2 ¶ 10. After Ms. Moore directed the process server to attempt service at the San Jose address, the process server reported that the resident identified himself as the Diaz defendants' son, and stated that the Diaz defendants live in Atwater, California, but refused to provide the process server with a street address. *Id.* ¶ 11. Mr. Block also submits a declaration from process server Scott M. Soto, averring to the same. Dkt. No. 25 and Ex. A.

Ms. Moore states that in April 2021, she directed the process server to submit a request for a postal trace in a final effort to locate the Diaz defendants. However, Ms. Moore says that the postmaster has not returned the postal trace, and the process server has informed her that compliance with such requests is optional. Dkt. No. 20-2 ¶ 12.

Although service by publication is a method of last resort, the Court is satisfied that Mr. Block is unable to locate a current address for the Diaz defendants, despite reasonable diligence. Without such information, Mr. Block cannot serve the Diaz defendants by other methods, such as personal service, substitute service, or service by mail. The record indicates that Mr. Block has

---

[3] The Court assumes that this "Return of Non-Service" is the document Ms. Moore intended to submit as Exhibit C to her declaration, but instead e-filed separately as Dkt. No. 20-5.

conducted a public records search and hired a private investigator to conduct a skip trace, which revealed several potential addresses for the Diaz defendants, the most promising of which is the Atwater address where personal service has been successfully made in the recent past in another matter, but has been attempted more recently at least twice without success. It is conceivable that Mr. Block could do more; he could perhaps use the subpoena process to compel further information from the individual who identified himself as the Diaz defendants' son. However, courts have concluded that the law requires "reasonable diligence," rather than "exhaustive efforts to leave no stone unturned." *Cummings v. Brantley Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal., Sept. 13, 2016); *see also Ham*, 216 Cal.App.4th at 338 ("A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories [voters' registries and the assessor's office property indices situated near the defendant's last known location] generally are sufficient.'") (quoting Judicial Council comment, § 415.50). Under these circumstances, the Court finds that Mr. Block has made reasonably diligent attempts to locate and serve the Diaz defendants.

### B.   Interest in Property

As noted above, service by publication also requires Mr. Block to show either: (1) "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action" or "[t]he party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property." Cal. C.C.P. § 415.50(a). Mr. Block asserts that the Diaz defendants own the real property that is the subject of this action. Dkt. No. 20-1 at 3. Ms. Moore submits that a grant deed shows that the Diaz defendants own the parcel of property where the Facility is located. Dkt. No. 20-2 ¶ 2, Ex. A. The Court finds that Mr. Block has also satisfied this requirement for service by publication.

Accordingly, Mr. Block's motion for leave to serve the Diaz defendants by publication is granted. Mr. Block states that he intends to publish summons in the San Jose Mercury News and

the Merced Sun-Star. Dkt. No. 26. Courts have approved the San Jose Mercury News as a newspaper in which publication is proper. *See, e.g., Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2016 WL 6582048, at *2 (N.D. Cal. Nov. 7, 2016); *see also* https://www.scscourt.org/forms_and_filing/forms/PB-4000.pdf (Santa Clara County Superior Court website listing the San Jose Mercury News as a newspaper of general publication). Although the Court has not found similar information for the Merced Sun-Star, the publication's website indicates that it is published in Merced County (the county in which Atwater is located), and has a circulation of both print (7,926 daily, except Sunday) and digital media (433,000 monthly unique visitors and 1,640,000 average monthly page views). *See* https://www.mcclatchy.com/our-impact/markets/merced-sun-star/#navlink=mi_footer.

**IV.   CONCLUSION**

Based on the foregoing, Mr. Block's motion for leave to serve the Diaz defendants by publication is granted as follows:

1. Good cause appearing, the Court extends the deadline for service of process on the Diaz defendants to **December 20, 2021**. Fed. R. Civ. P. 4(m).

2. Publication shall be made in the San Jose Mercury News and the Merced Sun-Star once per week for four successive weeks. *See* Cal. C.C.P. § 415.50(c); Cal. Govt Code § 6064.

3. If the Diaz defendants' address is ascertained prior to the expiration of the time prescribed for publication of the summons, a copy of the summons and complaint and of this order for publication shall immediately be served on the Diaz defendants. This order does not preclude service upon the Diaz defendants in any other manner specified in the California Code of Civil Procedure § 415.10 through § 415.30.

4. Mr. Block must mail a copy of this order, addressed to the Diaz defendants, to the following addresses:

   (a)  c/o Stadium Liquors, 356 Keyes Street in San Jose, California;
   (b)  6410 Stockton Avenue, Atwater, California 95301; and

(c) 4145 San Miguel Way, San Jose, California 95111.

**IT IS SO ORDERED.**

Dated: November 4, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

7